UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RASHAN MARKELL PIKE,<br><br>    Plaintiff,<br><br>  v.<br><br>CHARLES RETTIG, Commissioner of the Internal Revenue Service, PONTIAC CORRECTIONAL CENTER MAILROOM SUPERVISOR, TIMOTHY GRIBBLEN, Bureau of the Fiscal Service Director, and URSULA DEAN, Internal Revenue Service Operations Manager,<br><br>    Defendants. | Case No. 21-cv-959-JPG |

**MEMORANDUM AND ORDER**

This matter comes before the Court on plaintiff Rashan Markell Pike's complaint about problems getting his economic impact payments, commonly referred to as "stimulus payments," he believes he was due under the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act"). At all relevant times, Pike was an inmate at Pontiac Correctional Center, which is located in the Central District of Illinois. Pike seeks relief from several federal officials and one unknown Pontiac Correctional Center employee.

Because there is no indication that this case has any connection to the Southern District of Illinois the Court questions whether venue is proper in this district. Under the general venue statute, venue is proper in (1) a district where a defendant resides if all defendants reside in the same state, (2) a district where a substantial part of the activities giving rise to the claim occurred, or (3) if no other district is possible, any district in which a defendant is subject to personal jurisdiction. 28 U.S.C. § 1391(b). Where defendants are federal officers, venue is proper in a district (1) where a defendant resides, (2) where a substantial part of the activities

giving rise to the claim occurred, or (3) where the plaintiff resides.  28 U.S.C. § 1391(e)(1).

Where venue is improper, the Court must dismiss the case or transfer it to a district where it

could have been brought.  28 U.S.C. § 1406(a).  Generally, courts prefer transferring a case to a

jurisdiction where venue is proper as opposed to dismissing it.  Transfer avoids the "time-

consuming and justice-defeating technicalities" required to refile a case in a proper venue.  *See*

*Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467 (1962) (internal quotations omitted).

    Venue is not proper in this district.  The plaintiff does not reside in the Southern District

of Illinois and did not experience his problems getting his stimulus payments here.  The

defendants are unlikely to reside here since their jobs are far outside the district.  Furthermore, it

does not appear a substantial part—or even a miniscule part—of the activities giving rise to this

case occurred in this district.  This case simply does not belong in this district and belongs

instead in the Central District of Illinois.  The plaintiff and at least one defendant reside there and

are subject to personal jurisdiction there, and a substantial part of the activities giving rise to this

case occurred there.  Venue is proper in that district.

    Because venue is improper in the Southern District of Illinois, in the interests of justice,

the Court **TRANSFERS** this case to the United States District Court for the Central District

pursuant to 28 U.S.C. § 1406(a) for hearing in the division embracing Pontiac, Illinois.  The

pending motions shall remain pending for decision in the transferee court.

**IT IS SO ORDERED.**
**DATED:  September 9, 2021**

                                            s/ J. Phil Gilbert
                                            **J. PHIL GILBERT**
                                            **DISTRICT JUDGE**